Good morning, Your Honor. For the record, Attorney Rafael Castro-Len, I represent the Court of Appeals, and I'm here to discuss the issue of conflict of interest and the improper handling of that issue by the parties and the District Court, which clearly warrants that this Court grant Martinez-Hernandez relief. AUSA, former AUSA Torres. Mr. Castro-Len, I sort of view this issue as coming up before a sentence was imposed on your client, and then there were efforts made after a sentence was imposed on your client. Yes, Your Honor. So could you please not treat this as though it were a unitary whole, because it is not. There are certain arguments that were properly before the Court, and it's very doubtful that other arguments that were new arguments were properly before the Court. Well, Your Honor, if you are addressing the jurisdictional issue… You have used the issue of purported conflict of interest to attack sentencing, to attack the indictment, to attack all sorts of things. So it's a bit unclear to me exactly where you think this issue goes. Well, Your Honor, as I was trying to explain, from the very beginning, AUSA Torres understood that she had a potential conflict of interest. No, no, Mr. Castro. That doesn't meet Judge Lynch's point, which is a fair point. Can we start with those arguments that you raised on your pre-sentence motion to vacate? Well, I didn't raise them. Attorney Rivera did. No, no, but that's quibbling. You are here. You represent the defendant. You stand in the shoes of prior counsel who represented the defendant. Counsel, just to be clear, hadn't he already been given a continuance of at least a month before, like the day or two before sentencing, he suddenly asks for another continuance? Isn't that what the record shows? Well, the first continuance had nothing to do with the conflict of interest issue. It doesn't matter. He received a continuance, and then shortly before sentencing, he files this emergency motion? That's correct. Okay. And in the emergency motion, he refers to a supposedly new knowledge about a conflict of interest. That's correct. What exactly does he say? How does he characterize the new conflict of interest? Well, he characterized it in the sense that she had a problem representing him when she had been a former AUSA. But your client obviously knew she was a former AUSA. That's exactly why she was hired. But not the extent of the conflict? That's what I'm trying to get at. What was the purported conflict that he needed more time to investigate? Well, like I say, he came in after the plea had been negotiated, Your Honor. So he was new counsel. And by then, the Martinez had had the ability He wasn't that new. He'd been on the case for at least a month, hadn't he? Yes, he had been at least. And then he, at some point shortly before the sentencing, arrived to the conclusion that there was a sufficient conflict that had deprived the defendant of a conflict-free representation, which had to do with the fact, Your Honor, that there were multiple defenses that were available that had been ignored by the AUSA authorities that clearly established the conflict. She developed, Your Honor, one of the witnesses against Martinez Hernandez while she was a prosecutor. That alone, that alone would have prevented her from being able to go to trial. Notice, Your Honor... And Mr. Castro, with respect to that, Torrey's development of that witness, was that fact mentioned in the pre-sentence motion to vacate? No, it wasn't. Excuse me. Is my impression correct that the first time that that particular conflict was ever mentioned was in the post-sentence motion to reconsider? That is correct, Your Honor. That is correct. And again, we do feel that there was authority for the court to consider it. From where? What was the basis of the court's authority to entertain post-sentencing a new allegation of conflict that had not been made before outside of 2254? You have told us this is not a 2254 case. That's correct. 2255. 55, I'm sorry. It's a federal prosecution. So certainly there was no authority under Rule 35 at that point. Of course not. Yet you concede that. Not under Rule 35. But the problem is... There would have been authority under 2255, but you've told us that that was not the basis for the motion. Of course not. And let me explain why, Your Honor. Let me explain why. If I have a constitutional issue that I raise concerning conflict of interest, and the court then decides the issue at the sentence hearing, if he denies it, certainly I would have the right to request reconsideration, merely because the motion would have to be filed within the 14-day time period that a notice of appeal had to be filed, which in fact was done, does not mean that the defendant does not have the right to file a motion for reconsideration on a matter that was decided at the sentence hearing. But this wasn't raised at the sentence hearing. This particular issue was not. I disagree. No, there was a generalized argument. There was an argument. about whether there was a conflict of interest because she had been a USA. Yes. This particular argument about the development of the witness was not even alluded to during that hearing. The judge ruled on the arguments presented. A new argument is not presented until after the sentencing hearing. Well, it's... And you were going to explain to me why there was authority for you at that point to raise the issue. A general objection of conflict was raised, and at the sentence hearing, the district court decided that because Torres had assumed representation in a case that was filed after she left, there was no conflict. That was the extent of the court reasoning. The case that was dismissed. So he denied it. He denied it. But the issue was raised generally. So what does Rivera do then? Within the time period to file a notice of appeal, he files his motion for reconsideration trying to develop the legal basis for the conflict. Now, the court, and then he filed a notice of appeal. This is why the government's whole argument about Gonzalez is totally inapplicable to this set of facts. Both Gonzalez and Rivera... I keep waiting for you to give me a statutory basis, right? Because, or is it just in the common law? In the common law, that's correct. Okay, so it's in the common law that you can raise a new argument after sentencing. Not a new, I was related, but I developed my argument. It's not new. Counsel, the district court does address the argument of a conflict based upon this witness who was apparently prosecuted by your client's counsel when she was in AUSA and now might have been a potential witness against your client in this case. That's correct. The court does address that. Does the court address that at the time of sentencing, or does the court address that in ruling on the motion for reconsideration? No, it doesn't, precisely because there was an inadequate inquiry. I'm sorry? Precisely because there was an inadequate inquiry. But the answer to Judge Lopez's question is that the district court doesn't address the witness development issue until it addresses your motion to reconsider, which is after sentence was imposed. That is correct. Okay. Because, because, your honor, the district court failed to comply with Carla and Holloway, which impose an obligation on the court when informed of a potential conflict that it should make an adequate factual inquiry. There's no such thing as an adequate factual inquiry. This was summarily dismissed without conducting that necessary inquiry. And that's why the subsequent motion… Mr. Castro, you're falling victim to exactly what Judge Lynch warned you about at the beginning. All right? You're conflating what occurred before sentencing with what occurred after sentencing. Before sentencing, the only allegation of conflict that the district court had related generally to Torrey's service as an AUSA and as chief of the federal division prior to 2006. All right? All right? Whether or not that required further inquiry, we all agree that that issue was open, although we may disagree as to what the outcome of that is. But the court was not faced with the more specific allegation or the different allegation, all right, that Torrey's had developed while an AUSA had developed the main witness against Martinez until after sentencing. And the real question, all right, is not whether the court had an obligation to address it at that point, but whether the court had any authority or jurisdiction to address anything at that point. Yes, and I submit that it did. Yeah, well, I know you submit it. In fact, Your Honor, in Gonzales, the court recognizes in appeals unrelated to sentencing, motions to be considered, recognized, and common law may be valid. How is this unrelated to sentencing? Because it has to do with conflict of interest, not the time period imposed. It's a constitutional issue. Judge Lopez has some questions. Yeah, just in your earlier response as counsel, you used the phrase that the conflict of interest, which you characterize here, resulted in your client losing multiple defenses that could have been raised as part of the plea negotiations. I was a little surprised by your reference to multiple defenses. From your briefing, you focus largely on the speedy trial claim. What other multiple defenses are you referring to in that phrase? Well, aside from the dogged issue of going to trial, the possibility of going to trial, especially on 241. Martinez Hernandez was in Venezuela during the whole time period that that conspiracy to possess, with intent to distribute in La Perla, was charged. That indictment had nothing to do with importation. Martinez Hernandez may have been engaged in illegal importation from Venezuela to Puerto Rico, but that was a totally separate charge than the charge of conspiracy to possess with intent to distribute within La Perla. There wasn't one single witness that testified that he had a drug point or that he sold drugs in La Perla, Your Honor. So that was an extremely weak case, extremely weak case. In fact, I have the appeal of some of the defendants. I've read the whole transcript. There wasn't a single witness that testified that Martinez Hernandez was involved in the actual conspiracy within La Perla to sell drugs. Now, what was the problem? She couldn't go to trial, because who was the government going to bring in? Only her own witness. She's going to impeach her own witness? That's a clear conflict. And besides, on the 18 U.S. Code 287, that also is part of the conflict. How does your client have any standing to pursue a criminal charge? That's up to the government whether it wants to do so. Sure he has standing. He has standing because there's an issue of divided loyalty. No, he has standing to raise that claim, but the statutory claim is out. But in any event, you were asked about what the multiple defenses were. Yes. You said the speedy trial claim, and then you said she couldn't have pursued, what, a motion to dismiss an indictment about La Perla? Is that what it is? In fact, her discovery motion. Counsel, I still don't understand why that's a defense. She could have pursued the dire issue, which is a valid issue. She could have also entertained going to trial in 241, but her hands were tied. Are you going to add any other defenses to the two you've identified? Those are the two that we raised and those are the two that exist. Okay, thank you. Do you have any other? That's it. Thank you. Okay. Good morning, Your Honors. Good morning. Honorarius, on behalf of the United States, I'd like to begin with a jurisdictional issue. Martinez was sentenced on March 5th, 2013.   The court entered judgment on March 5th, 2013. Six days later, it entered an amended judgment on the Rule 35A. Under the Sentencing Reform Act, specifically 18 U.S.C. 3582, that sentence was final, and the district court did not have jurisdiction to amend it. So why didn't the government bother to point that out to the district court when Mr. Castrolang makes his motion nuke-pro-tunk? Fair point, Your Honor. I'm not suggesting that waiver by the government gave the district court subject matter jurisdiction, but really, if it's pretty obvious to you now, why wasn't it obvious to you then? Well, I wasn't involved in that. Your office. But my office was, I agree, Your Honor. I can think that perhaps they wanted to entertain, address the merits, because there was this possibility that the issue could be considered a 2255 issue, and this court has in the past sometimes re-characterized these type of motions as 2255s. That's not the case here, because the defendant has disclaimed any reliance on 2255. But we submit it's a jurisdictional issue that cannot be waived, and in any event, the record does not suggest an intent from the government to waive it. I wanted to add also that Federal Rule of Criminal Procedure 11E, which implements 3582, states that after the court imposes sentence, the defendant may not withdraw a plea of guilty, and the plea may be set aside only on direct appeal or collateral attack. And we now know that the defendant has disclaimed a possible collateral attack at that point. Therefore, as Your Honor's were. I take it the defendant has not disclaimed if the district court did not have jurisdiction then over 2255. Defendant has not disclaimed that he will never bring a 2255. The government understands it may still have to defend against a 2255 if he now chooses to bring one? What I meant, Your Honor, is that the defendant has disclaimed reliance on 2255 in terms of his post-sentencing motions. Whether he intends to bring a 2255 in the future, that would be up to him, and that would be a different case. Therefore, the defendant's post-sentencing motions should have no effect for purposes of Appeal 13-1450. And in that sense, this case is really no different from any other case where the defendant raises an argument, say at sentencing, raises an issue, the court denies the claim, enters judgment of conviction and sentence, and then on appeal, he wants to bring new arguments in support of the same general issue that he had raised at sentencing. This court's case law is clear that in those circumstances, the new arguments are waived. We cited Acosta-Colon, Ceterion, Slade in our brief, but there are other cases to that effect. Defendant cannot create a loophole in that case law and escape the waiver simply by going back to the district court while the case is pending on appeal and filing a motion. Okay, but you'll admit that there is jurisdiction over a portion of the case. Yes, and I'm... And what are the issues facing us on that portion of the case? Well, as to the portion of the case, the argument that was preserved at sentencing and that could have been raised, which Your Honors were asking for the counsel, was Attorney Rivera-Rodriguez's argument that Sonia Torres was allegedly the lead prosecutor in the 2001 case and that an alleged conflict of interest arose because of that. We submit that in defendant's open and brief, he paid little or no attention to that argument, so we submit that it is waived. But on the merits, the argument was meritless because the record shows that Sonia Torres only appeared in that 2001 case after the case had already been administratively closed by more than a year. And even when she did appear, it was merely to inform the court that the AUSA would withdraw, a totally administrative, perfunctory filing that had nothing to do with the substantive issues in the case, which was already closed, as I mentioned. What about the argument that he does make, albeit it's a bit unclear whether it's tied to the initial conflict of interest allegation or merely the later one, under the Speedy Trial Act? Do we have to face that issue? We submit that this Court does not because the claim was raised in the post-sentencing motions, which do not have, as I explained, should not have an effect on the appeal that it is before the Court. I just wanted to touch, and I'll address your question in a few seconds, I just wanted to point this Court to the fact that at sentencing, Attorney Rivera-Rodriguez even admitted that he was speculating. He said, I'm just speculating at this point as to whether there was any adverse effect, and speculation is not enough for these type of ineffective assistance of counsel. Counsel, just for my benefit, to be clear as to what you just said, you're indicating that although the alleged conflict of interest was raised at the time of sentencing, at that time counsel did not articulate any defenses that counsel did not pursue because of the conflict, did not identify any lost possibilities in terms of counsel defenses at that time? He was equivocal in terms of asserting an adverse effect from the argument that he made. What do you mean he was equivocal? Well, he said, I'm just speculating at this point. What was the nature of the speculation? As to what adverse effect could have occurred on the case. Did, was the Speedy Trial Act mentioned at all at that sentencing hearing? No, but if your honors want me to address the Speedy Trial Claim, as Judge Lynch had mentioned. Well, your position is it was never raised at the time, and therefore we would have no jurisdiction over that, right? Our position is that the issue was not before this court. It was raised for the first time in those post sentencing motions. Okay. I just wanted to add that it was mentioned by a defendant that it was a month that Attorney Rivera Rodriguez had to develop the arguments. That's not the case. No, that was my assumption. I know he had gotten a. . . More than three months. How long was the original continuance? He discussed this issue with Sonia Torres in November 2012. He got, after an emergency motion for continuance in December, he got a continuance in December 2012, and the defendant was not sentenced until more than three months later in March 13 of the following year. So he got plenty of time to develop his arguments, your honors. I've noticed that there's sort of no appellate argument that the trial judge abused his discretion by declining to give yet another continuance. Am I correct? I agree with that. I would submit that it is waived. I didn't see that argument being pressed by the defendant as to abusive discretion in not giving a continuance. We did not see that. As to a speedy trial claim, your honors. . . You've already told us we don't have jurisdiction on a speedy trial claim, in your view. Yes. All right. But if, do your honors. . . No, we're not asking you to argue something inconsistent with your position that there's no jurisdiction. Okay. Would your honors want me to address the Sullivan and Strickland standards that we submitted in the briefs? I think the briefs have adequately covered that. Okay. Then I just wanted to, well, if your honors don't have any further questions. No, but I do. . . I'm troubled by the fact that your office seemed to have encouraged the district court to take jurisdiction under circumstances that were questionable, to say the least. I'm not certain whether it was a sort of lack of competence, but it certainly created problems on appeal. Oh. I'd appreciate it if you'd send that message back. I will, your honor. Thank you, your honors. Thank you.